940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jogananda HAZRA, Plaintiff-Appellant,
v.
NATIONAL RX SERVICES, INC., Defendant-Appellee.
 No. 91-3201.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jogananda Hazra, an Ohio citizen, appeals pro se from the summary judgment for defendant and the order denying his motion to alter or amend the judgment in this action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Hazra sought reinstatement, back pay, and punitive damages in this suit, alleging that he had been discharged from his position as a pharmacist on October 30, 1987, on the basis of his age, race, and national origin. The defendant moved for summary judgment, based on evidence that the discharge was due to frequent errors in checking prescriptions in violation of an established policy. The district court granted defendant's motion, and subsequently denied Hazra's Fed.R.Civ.P. 59 motion to alter or amend.
 
 
 3
 Upon consideration, it is concluded that defendant was entitled to summary judgment, as Hazra failed to establish essential elements of his case on which he has the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Hazra did not establish a prima facie case of discrimination, because he did not show that he was qualified for his position. See Wilkins v. Eaton Corp., 790 F.2d 515, 520-21 (6th Cir.1986). Moreover, he did not establish that the legitimate reason given by defendant for his discharge was pretextual, either by direct evidence of discrimination, or circumstances from which discrimination could be inferred. See Simpson v. Midland-Ross Corp., 823 F.2d 937, 944 (6th Cir.1987). Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.